**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| PADEN EL BEY: TIFFANY,<br><br>                    Plaintiff,<br><br>          v.<br><br>LOSH KAYLYN, *et al.*,<br><br>                    Defendants. | Case No. 2:23-cv-00390-APG-BNW<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Amend. ECF No. 6. This Court previously authorized Plaintiff to file an amended complaint when it dismissed her original complaint for failure to state a claim. ECF No. 4. Thus, the motion seeking permission to amend is denied as moot. The Court has reviewed the amended complaint pursuant to 28 U.S.C. § 1915(c)(2) and finds that it is still deficient because Plaintiff has not alleged facts as to each element of her claims. Plaintiff will have 30 days to file a second amended complaint.

**I.  Screening the Complaint**

   **A.  Legal Standard**

Upon granting a request to proceed in *forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). When screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The grounds for dismissal due to failure to state a claim under 28 U.S.C. § 1915(e)(2) mirror the standards set forth in Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must allege sufficient factual details that, accepted as true, present a plausible claim for relief. *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009). When assessing whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Simply reciting the elements of a cause of action is insufficient to sustain a claim. *Id.* The court liberally construes pro se complaints and may only dismiss them if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460, (9th Cir. 1980); *see also Iqbal*, 556 U.S. at 678.

**B. Analysis**

In its last order, this Court explained that Plaintiff's allegations failed to state a claim. ECF No. 4. The Court explained that any future amended complaint must contain factual allegations supporting the claims Plaintiff wished to bring and the involvement of each specific defendant. *Id.* Despite the additional detail in her amended complaint, Plaintiff has not met her burden to state a claim upon which relief can be granted.

Attached to her amended complaint, Plaintiff has provided seven exhibits. ECF No. 6. However, these exhibits are largely unrelated to the claims contained within her complaint.[1] Accordingly, the Court will only analyze the claims which Plaintiff explicitly stated in her complaint.[2] Should Plaintiff wish to include any other claim based on her exhibits, she must do so in the body of her second amended complaint.

**i. Breach of Contract**

To establish a prima facie case of breach of contract, a plaintiff must allege (1) existence of the contract; (2) defendant's breach; and (3) the damages that resulted. *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 920 (D. Nev. 2006) (citation omitted).

---

[1] Plaintiff states a breach of contract claim and a negligence claim in her complaint.
[2] The Court will not analyze statutes to which Plaintiff makes unclear references in her attached exhibits.

Here, Plaintiff's allegations meet the first element because, according to the amended complaint, Plaintiff entered into a contract with Invitation Homes on March 2, 2021. However, Plaintiff has not alleged facts to support the existence of a contract with any defendant besides Invitation Homes. As to the second element, Plaintiff does not allege specific facts to demonstrate that Invitation Homes breached this contract. According to Plaintiff's amended complaint, Plaintiff was served a seven-day eviction notice on August 8, 2022. ECF No. 6 at 2. Plaintiff has not alleged facts showing how these events amount to breach of contract. As to the third element, Plaintiff alleges that she was forced to "[sleep] on the streets at a park" following her eviction. ECF No. 6 at 3. However, Plaintiff does not allege facts that show how this resulted from any defendants' breach.

If Plaintiff wishes to pursue this claim, she must allege facts to show how all three elements listed above are satisfied. Additionally, Plaintiff must clearly allege the *involvement of each defendant*.

    **ii.**    **Negligence**

To state a claim for negligence under Nevada law, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages. *Sanchez v. Wal-Mart Stores, Inc.*, 125 Nev. 818, 824, 221 P.3d 1276 (2009).

Here, Plaintiff alleges that defendants had a duty to produce documentary evidence in support of moneys owed. ECF No. 6 at 3. However, it is not clear to this Court what the basis is for such claimed duty. With few exceptions, courts typically enforce breach of a contractual promise through contract law instead of imposing tort remedies. *See Rattagan v. Uber Techs., Inc.*, 19 F.4th 1188, 1191 (9th Cir. 2021) (internal quotation omitted). As to the second element, Plaintiff has not alleged facts to show that any of the defendants' actions amount to breach of a duty for negligence purposes. As to the third element, Plaintiff offers only conclusory statements to support that any defendant was the legal causation of any harm she experienced. As to the fourth element, while Plaintiff alleges that she was forced to "[sleep] on the streets at a park," it is unclear how this resulted from defendants' breach of a duty of care.

If Plaintiff wishes to pursue this claim, she must allege facts to show how all four elements listed above are satisfied. Additionally, Plaintiff must clearly allege the *involvement of each defendant*.

## II. Amendment

Plaintiff fails to state a claim upon which relief can be granted. Plaintiff will be given one last chance to cure the deficiencies in her complaint. If Plaintiff chooses to amend, she must read this Order carefully and allege sufficient facts to satisfy the elements of each claim and the involvement of each specific defendant. Additionally, Plaintiff is advised that if she files a second amended complaint, this amended complaint (ECF No. 6) will no longer serve any function in this case. The second amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

## III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend at ECF No. 6 is **DENIED**.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file a second amended complaint in this case, she must do so by August 18, 2023, or this Court will recommend that this action be dismissed.

DATED: July 18, 2023

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE